981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Jeffrey Wayne HARDIN, Defendant-Appellant.
 No. 92-5192.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 16, 1992
Decided: December 15, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Terrence W. Boyle, District Judge. (CR-91-39)
 Robert D. Jacobson, Lumberton, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, John S. Bowler, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 Affirmed.
 Before HALL, PHILLIPS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Jeffrey Wayne Hardin appeals from his conviction by a jury of possession of a firearm by a felon. He claims that the district court erred by denying his motions for acquittal. Because there was sufficient evidence to support a conviction, we affirm.
 
 
 2
 Hardin's only allegation of error is that there is insufficient evidence to show that he was in possession of a shotgun beyond a reasonable doubt. The evidence showed that while police were executing a search warrant at the home of Hardin's brother, Hardin drove into the yard in a pick-up truck belonging to Craig Hardy, with his (Hardin's) girlfriend, Connie Helgren, riding in the passenger seat. Burnis Wilkins, the Chief of Detectives of the Robeson County Sheriff's Office testified that Hardin got out of the truck and began conversing with him. Wilkins asserted that when he approached the truck, he noticed a firearm with the stock sticking up across the front seat, and the barrel down by the gas pedal on the driver's side of the gear shift. Wilkins testified that Hardin immediately acknowledged that the firearm was his. Detective Jerome Rowdy, approaching the truck from the passenger side, testified that he also saw the 12-gauge shotgun in the position described by Wilkins. Wilkins seized the weapon and broke it down, revealing a .00 shotgun shell in the chamber.
 
 
 3
 ATF Agent Earl Woodham and Detective Earl Woods testified that Hardin stated that he knew the gun was loaded the night it was seized because he checked it to make sure that it was. They testified that Hardin stated that he knew he was not supposed to be in possession of the gun, and that Helgren would claim the shotgun belonged to her if he wanted her to. Woodham also testified that Hardin told him he would lie to stay out of jail, and overheard him instruct Helgren over the phone to claim that the shotgun was hers.
 
 
 4
 Hardin testified that he did not know that the shotgun was in the truck. Hardin denied that he made the incriminating statements alleged by the government, and explained the statements he said that he made consistent with his position regarding his lack of knowledge of the shotgun.
 
 
 5
 Helgren testified that the shotgun belonged to her and that she told Wilkins that it was hers when he confiscated it. It was in the truck because Hardy, the truck owner, had planned to teach her how to shoot it. She claimed that the shotgun was on the floor between the passenger seat and the door. Hardy testified that Helgren loaded the shotgun and placed it between the passenger seat and the door because he had planned to teach Helgren how to shoot it. Hardy claimed that as far as he knew, Hardin did not know a firearm was in the truck.
 
 
 6
 In determining whether there is sufficient evidence to support a conviction, this Court examines the evidence in a light most favorable to the government to determine whether there is substantial evidence sufficient for any rational trier of fact to find the elements of the crime were satisfied beyond a reasonable doubt. See In re Winship, 397 U.S. 358, 364 (1970); United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989); United States v. Jones, 735 F.2d 785, 790 (4th Cir.), cert. denied, 469 U.S. 918 (1984).
 
 
 7
 Had the jury believed Hardin, Helgren and Hardy, it would have concluded that Hardin did not know that the firearm was in the car. Accordingly, Hardin could not have been convicted because he could not have been found to be in possession of the firearm. See United States v. Bell, 954 F.2d 232, 235 (4th Cir. 1992). But if the evidence provided by Wilkins, Rowdy, Woodham, and Woods is credited, the circumstances and Hardin's own statements in the presence of these individuals are sufficient to establish that Hardin possessed the shotgun. Viewing the evidence in the light most favorable to the Government, courts are obligated to honor the jury's rational decision to believe Wilkins, Rowdy, Woodham, and Woods, and to disbelieve Hardin, Helgren, and Hardy. See United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983), cert. denied, 465 U.S. 1028 (1984). Therefore, the district court did not err by denying the motions for acquittal.
 
 
 8
 We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED